IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTON THOMPSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:19-cv-01071 |
| ) | Chief Judge Crenshaw/Frensley |
| ) | |
| KAREN FERGUSON, *FBI Supervisor*,[1] ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this civil rights case, Plaintiff Anton Thompson ("Mr. Thompson") alleges that Defendant Karen Ferguson ("Ms. Ferguson") violated his Fourth, Eighth, and Fourteenth Amendment rights by failing to investigate his allegations that he was being electronically assaulted and harassed by state and federal agents. Docket Nos. 1, p. 7; 30, pp. 2, 4; 39 pp. 3-4.

This matter is before the Court upon a Motion to Dismiss Amended Complaint with prejudice filed by Ms. Ferguson. Docket No. 33. Along with her Motion, Ms. Ferguson has filed a supporting Memorandum of Law. Docket No. 34. As grounds for her motion, Ms. Ferguson argues that: (1) there can be no *Bivens* claim against a federal agency; (2) there exists no constitutional right to investigation or protection by a federal agency; (3) no *Bivens* remedy should be implied under the Supreme Court's rulings in *Hernandez v. Mesa* or *Ziglar v. Abbasi*; (4) Ms.

---

[1] While briefs for Plaintiff and Defendant continue to reference both Ms. Ferguson and the Federal Bureau of Investigation ("FBI") as Defendants in this action, this Court considers the FBI to have been terminated as a Defendant with the filing of Mr. Thompson's Amended Complaint on April 22, 2020, which names only Ms. Ferguson as a Defendant. Docket No. 30, pp. 1-2. In any event, Mr. Thompson's claims against the FBI would fail because, as explained below, Mr. Thompson has not established a constitutional right to have his claims investigated. *See infra* Section H. Furthermore, a *Bivens* claim can only be sustained against a federal agent in his or her individual capacity, not a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Ferguson could not have violated Mr. Thompson's rights while operating under color of law; and (5) in the event that Ms. Ferguson violated Mr. Thompson's rights, she would be entitled to qualified immunity. *Id.* at 2.

While Mr. Thompson has not filed an official Response to Ms. Ferguson's Motion, he filed an Affidavit requesting that the Court deny the Motion to Dismiss. Docket No. 39.

### A. Procedural Background

Mr. Thompson filed his original Complaint in this pro se action on November 27, 2019, asserting a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); Docket No. 1. Mr. Thompson brought suit against the FBI and Ms. Ferguson, in her individual and official capacities. Docket No. 1, p. 2. In his original Complaint, Mr. Thompson claims that the FBI and Ms. Ferguson violated his Fourth, Eighth, and Fourteenth Amendment rights by failing to properly investigate his allegations of electronic torture. *Id.* at 4, 26-30. On April 22, 2020, Mr. Thompson filed his Amended Complaint, naming only Ms. Ferguson, in her individual and official capacities, as the sole defendant in his *Bivens* claim and re-asserting violations of his Fourth, Eighth, and Fourteenth Amendment rights.[2] Docket No. 30, p. 2. Mr. Thompson seeks: (1) an injunction ordering Ms. Ferguson to "find a solution and work with a government agency to terminate this government program that is damaging to my health and that causes me to be emotionally distressed" and (2) $35,000,000 in compensatory damages. *Id.* at 5.

Ms. Ferguson filed the instant Motion and supporting of Memorandum of Law on April 28, 2020, arguing that Mr. Thompson's claims should be dismissed for lack of subject matter

---

[2] In his Amended Complaint, Mr. Thompson does not specifically assert any facts underlying his claim; rather, he has written that his factual allegations are "on Attachment pages." *See* Docket No. 30, p. 4. Because no documents were attached to the Amended Complaint, the Court presumes that Mr. Thompson intends to incorporate the allegations of his earlier Complaint.

2

jurisdiction, or, alternatively, because Mr. Thompson fails to state a claim against her upon which relief can be granted. Docket No. 33, p. 1. On May 12, 2020, Mr. Thompson filed an Affidavit requesting that the Court deny the Motion to Dismiss. Docket No. 39.

For the reasons set forth below, the undersigned finds that all claims should be dismissed for failure to state a claim upon which relief may be granted. Accordingly, the undersigned recommends that Ms. Ferguson's Motion to Dismiss Amended Complaint (Docket No. 33) be GRANTED and that Mr. Thompson's claims against Ms. Ferguson be DISMISSED.

## II. FACTS

Mr. Thompson contends that, during the time he was imprisoned in Davidson County Jail, jail personnel placed "cyber security federal electronic objects" in his food. Docket No. 1, p. 9. He believes that these objects were placed in his food because he has been selected, against his will, "to participate in an experimental government torture program." *Id.* at 9-10. Mr. Thompson alleges that these objects are causing him to be "electronically assaulted and harassed" in various ways, including through "high frequency shocking blows" that cause body tension, muscle spasticity, burning sensations, and memory loss. *Id.* at 9, 19-21, 29. Mr. Thompson believes the effects of this electronic assault placed him in such a state of emotional distress that he felt pressured into entering into a plea bargain in his state court case. *Id.* at 10.

Mr. Thompson has filled out electronic tip forms on the websites of the Nashville Metro Human Relations Commission, FBI, Central Intelligence Agency ("CIA"), National Security Administration ("NSA"), Department of Defense ("DOD"), and Department of Homeland Security ("DHS"), explaining his claims. Docket Nos. 1-5, 1-11, 1-12, 1-13, 1-14, 1-16. He also wrote letters to Tennessee Attorney General Herbert Slatery, District Attorney Glenn Funk, Criminal Court Judge Steven Dozier, CIA Acting Deputy Inspector General & Counsel Christine

3

Ruppert, and Ms. Ferguson, a former Special Supervisory Agent of the FBI, describing the torture he purportedly endured. Docket Nos. 1-11, pp. 8-9; 1-12, pp. 3-4; 6-5, pp. 6-8. In addition to the tip forms and letters, Mr. Thompson has filed separate lawsuits against Nashville Metro Detention Facility Administrator Ruby Joyner (3:18-cv-00423), Davidson County Maximum Correctional Center (3:18-cv-00718), Davidson County Sheriff's Office (3:18-cv-00610), the CIA (3:20-cv-00161), and the NSA (3:20-cv-00467) on allegations arising out of the same core of facts.[3]

Mr. Thompson states that he spoke with an FBI agent[4] at the FBI facility in Nashville who assured him that his claims would be investigated. Docket No. 39, pp. 1-2. Mr. Thompson maintains that he returned to the FBI facility in Nashville several times to ask for assistance, but the agency did not provide him any assistance and asked him not to come back. *Id.* at 2. Mr. Thompson wrote a letter to Ms. Ferguson, who he understood to be head of the FBI operations in Nashville, notifying her of the electronic assaults he suffered. Docket No. 1-11, pp. 8-9. Mr. Thompson did not receive a reply following his letter to Ms. Ferguson, who retired from the FBI in 2010. Docket Nos. 1, p. 27; 26, p. 1.

### III. LAW AND ANALYSIS

#### A. Rule 12(b)(1)

Ms. Ferguson contends that the Court lacks subject matter jurisdiction in this action because (1) Mr. Thompson's claims are "essentially fictitious" and (2) Mr. Thompson cannot establish mandamus jurisdiction. Docket No. 33, pp. 1-2.

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions

---

[3] With the exception of *Thompson v. National Security Agency et al.* (3:20-cv-00467), which is pending in this Court, all of these suits have been dismissed.
[4] This agent is identified only as "Mark" and was not made a party to this suit. Docket No. 39, pp. 1-2.

4

arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal Rule of Civil Procedure 12(b)(1), however, provides that a party may defensively assert that the court lacks subject matter jurisdiction over the claim at issue. Fed. R. Civ. P. 12(b)(1). According to Rule 12(h)(3), the court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The burden of establishing that subject matter jurisdiction exists is on the plaintiff. *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012), *citing Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit has clarified that motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The court explained the distinction as follows:

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.*

### 1. Insubstantiality

The Supreme Court has held that, "[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions. . . must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). Under the Supreme Court's decision in *Bell*, dismissal for lack of subject matter jurisdiction due to the inadequacy of the federal claim is only proper when "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83; *see also*

5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (holding that dismissal on the basis of subject matter jurisdiction is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy") (citations omitted). The *Bell* Court explained its reasoning by stating that:

> [I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact [*sic*] it must be decided after and not before the court has assumed jurisdiction over the controversy.

*Id.* at 682. The Sixth Circuit has further clarified that, "most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Civil Rules of Procedure if the complaint fails to state a claim upon which relief can be granted." *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999).

### 2. Mandamus Jurisdiction

Mandamus jurisdiction is established by 28 U.S.C. § 1361, which states:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

The Sixth Circuit has established that mandamus jurisdiction is available only when a plaintiff has exhausted all available administrative appeals and the defendant has failed to perform a "clear nondiscretionary duty" owed to the plaintiff. *Your Home Visiting Nurse Servs. v. Sec'y of HHS*, 132 F.3d 1135, 1141 (6th Cir. 1997), *citing Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) (holding that "in order to establish. . .jurisdiction. . . a court must find that a duty is owed to the Plaintiff"). A duty cannot be said to be

6

"owed" to a plaintiff unless the obligation is "ministerial, plainly defined and peremptory." *United States v. Battisti*, 486 F.2d 961, 964 (6th Cir. 1973) (citations omitted). Decisions about whether and whom to investigate are generally considered discretionary and thus not appropriate for compulsion through mandamus. *See Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970) (holding that mandamus was not proper to compel the Attorney General or the United States Attorney to alter the scope of their investigations or conduct particular investigations because "the investigation and institution of criminal prosecution falls within their discretion").

### B. Rule 12(b)(6)

Ms. Ferguson asserts that Mr. Thompson fails to state a claim upon which relief can be granted. Docket No. 33, p. 1.

Federal Rule of Civil Procedure 12(b)(6) provides that a case may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To determine whether a claim may be dismissed under Rule 12(b)(6), the Court must follow the Supreme Court's pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under this standard, the Court must accept as true all well-pleaded factual allegations, although it need not accept legal conclusions. *Iqbal*, 556 U.S. at 678. To survive a Motion to Dismiss, the well-pleaded factual allegations in a plaintiff's complaint must "plausibly give rise to an entitlement to relief." *Id.* at 679. Factual allegations do so when they "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### C. Standard for Pro Se Litigants

Mr. Thompson has filed this civil action pro se. *See* Docket Nos. 1, p. 6 (Complaint signed under section reserved "For Parties Without an Attorney"); 24 (Order denying Motions to Appoint Counsel).

The Supreme Court has noted that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Sixth Circuit further clarified that pro se complaints should be "liberally construed." *Williams v. Curtain*, 631 F.3d 380, 383 (6th Cir. 2011), *citing Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

### D.     Fifth/Fourteenth Amendment Claims

Mr. Thompson alleges that his Fourteenth Amendment rights were violated when the FBI (and impliedly Ms. Ferguson in her capacity as an FBI agent) failed to provide him "the proper service required by law." Docket Nos. 1, p. 24; 31, p. 1. Specifically, Mr. Thompson asserts violations of both the Fourteenth Amendment's Due Process and Equal Protection clauses. *See* Docket No. 39, pp. 2-3 ("FBI agents refusing to Assist [*sic*] me at the FBI agency makes them accountable for Negligence [*sic*] and breach of duty. This in fact deprive[s] me of my rights to the equal protection clause and the due process clause of the United States constitution."). In the interest of construing Mr. Thompson's complaint liberally, the Court will incorporate into its evaluation of this claim an analysis of Mr. Thompson's rights under the both the Fourteenth and the Fifth Amendments.

The Fourteenth Amendment provides, in pertinent part, that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV.

The Fifth Amendment provides, in pertinent part:

> No person shall. . .be deprived of life, liberty, or property, without due process of law. . .

U.S. Const. amend. V.

The Supreme Court has stated that the Due Process clauses of both Amendments were "intended to prevent government from abusing its power, [*sic*] or employing it as an instrument of oppression." *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (citations omitted). The Court clarified that, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.; see also Webster v. Reprod. Health Servs.*, 492 U.S. 490, 507 (1989).

The Equal Protection clause of the Fourteenth Amendment "embodies the principle that all persons similarly situated should be treated alike." *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006), *citing City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prove an Equal Protection violation, a plaintiff must demonstrate that a state actor intentionally discriminated against the plaintiff because of the plaintiff's membership in a protected class. *Bey v. Falk*, 946 F.3d 304, 328 (6th Cir. 2019) (citations omitted).

### E. Fourth and Eighth Amendment Claims

Mr. Thompson further alleges that his Fourth and Eighth Amendment rights were violated, though he does not specify the manner in which this particular Defendant violated these rights. Docket No. 30, pp. 4, 7.

The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The primary purpose of the Fourth Amendment is to safeguard the privacy

9

and security of individuals against arbitrary invasions by governmental officials. *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018), *quoting Camara v. Mun. Court of S.F.,* 387 U.S. 523, 528 (1967).

The Eighth Amendment states that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII. The Supreme Court has held that this Amendment forbids punishments incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).

### F. *Bivens* Claim

Mr. Thompson seeks to raise a claim for damages against Ms. Ferguson under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Docket No. 30, p. 3.

In *Bivens*, the Supreme Court held that a plaintiff suffering a violation of the Fourth Amendment's protection against unreasonable searches and seizures at the hands of a federal agent acting under color of his authority was entitled to damages. 403 U.S. at 397. A *Bivens* action can only be maintained against a federal officer or employee in his or her individual capacity. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Thus, the plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution. *Id.* at 662. The Sixth Circuit has further clarified that a plaintiff pleading a *Bivens* claim must prove two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the

deprivation was caused by a person acting under color of law. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012); *Redding* v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

The Supreme Court, in *Hernandez v. Mesa* and *Ziglar v. Abbasi*, has counseled against creating a private right of actions under *Bivens* where one has not already been recognized. *Ziglar*, 140 S. Ct. 735 (2020); *Hernandez*, 137 S. Ct. 2003. The Supreme Court has thus far recognized the availability of *Bivens* actions for violations of the Fourth, Fifth, and Eighth Amendments. *See Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979); *Bivens*, 403 U.S. at 388. If a plaintiff brings a claim under an action previously unrecognized, a defendant may attempt to defeat the action by proving either: (1) the existence of "special factors" that counsel against creating a *Bivens* remedy; or (2) a congressional declaration prohibiting the recovery of monetary damages or remitting recovery to another equally effective remedy. *Carlson*, 446 U.S. at 14.

### G. Qualified Immunity

Ms. Ferguson asserts that, even if the court finds that Mr. Thompson has a right to have his complaints of electronic assault investigated, she is entitled to qualified immunity. Docket No. 33, p. 2.

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The qualified immunity doctrine shields a government official from money damages under *Bivens* "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012); *see also Ashcroft v. al-Kidd*, 563 U.S. 731 (2011); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The initial inquiry and threshold question, according to the Supreme Court, is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show

11

the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201 (citations omitted). If no constitutional right was violated, there is no necessity for further inquiry. *Id.*

### H. The Case at Bar

The first question in this action is whether the Court has subject matter jurisdiction over Mr. Thompson's claim; the burden of proving this jurisdiction exists is on Mr. Thompson. *See Taylor*, 680 F.3d at 612, *citing Nichols*, 318 F.3d at 677. In his Amended Complaint, Mr. Thompson asserts that this Court has jurisdiction over his claims pursuant to *Bivens*. *See* Docket No. 30, p. 3. Ms. Ferguson, however, challenges the facial existence of subject matter jurisdiction in this case, effectively arguing that the Court lacks subject matter jurisdiction over Mr. Thompson's claims because they are "essentially fictitious." *See* Docket No. 34 pp. 8-9. Ms. Ferguson further argues that Mr. Thompson cannot establish mandamus jurisdiction in this action. *See id.* at 20.

The allegations at the heart of this complaint are that Ms. Ferguson, in her individual and official capacities, violated Mr. Thompson's Fourth, Eighth, and Fourteenth Amendment rights. *See* Docket No. 1, p. 4. Thus, presumptively, this Court has jurisdiction to entertain this action. *See Bell*, 327 U.S. at 682-83. As discussed above, "most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6)." *See Apple*, 183 F.3d at 480. Under the standard set forth in *Bell* and clarified by the Sixth Circuit in *Apple*, the Court should only find subject matter jurisdiction lacking if Mr. Thompson's constitutional claims appear to be: (1) made solely for the purpose of obtaining jurisdiction; or (2) wholly insubstantial and frivolous. *See Bell*, 327 U.S. at 682-83; *Apple*, 183 F.3d at 479-80. Ms. Ferguson contends that Mr. Thompson's claims meet the requirements of the latter exception. *See* Docket No. 34, pp. 8-9.

Ms. Ferguson cites to numerous actions in other districts where allegations of government conspiracies similar to Mr. Thompson's have been dismissed for lack of subject matter jurisdiction. *See id.* at 9. In the cases Ms. Ferguson cited to, however, the allegations of government conspiracy were essential to the claims at issue: the plaintiff was claiming that the defendant in the action before the court was culpable for the actions alleged under the conspiracy. See *Grady v. United States Dep't of Def.*, No. 16-14293, 2017 WL 35531 (S.D. Fla. Jan. 4, 2017); *Foster v. Carter*, No. 3:16-CV-02336, 2016 WL 7852472 (N.D. Cal. Dec. 1, 2016); *Henry v. Caruso*, No. 13–12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014); *Bivolarevic v. CIA*, No. C 09-4620, 2010 WL 890147 (N.D. Cal. Mar. 8, 2010); *Mitchell v. Natl Sec. Agency*, No. CV 09–1659, 2009 WL 5175053 (D. Ariz. Dec. 18, 2009). In the instant case, however, the Court is not called upon to determine the plausibility of the existence of a government conspiracy: Mr. Thompson does not allege that Ms. Ferguson, in her individual or official capacities, is culpable for the government conspiracy (i.e. the electronic assault he purports to endure). Mr. Thompson's only claim against Ms. Ferguson is that she failed to investigate his claims that *other federal or state actors* were subjecting him to electronic assault. *See* Docket No. 1, pp. 12, 24, 30.

Taking the facts Mr. Thompson has pled as true, as the Court must when evaluating Ms. Ferguson's facial attack, Mr. Thompson plausibly makes out a claim that neither Ms. Ferguson nor the FBI investigated his complaints of electronic assault. *See Ritchie*, 15 F.3d at 598. Thus, dismissal for lack of subject-matter jurisdiction on the grounds that Mr. Thompson's claim is implausible or essentially fictitious is improper. *See Bell*, 327 U.S. at 682-83. The Court has jurisdiction over this action, regardless of Mr. Thompson's chances at success on the merits of his claim. *See id*.

While Ms. Ferguson is correct in contending that the Court lacks mandamus jurisdiction in

13

this action because Ms. Ferguson did not owe Mr. Thompson a clear, nondiscretionary duty, the analysis above establishes that the existence of mandamus jurisdiction is not necessary to sustain this action. *See* 28 U.S.C. § 1361; *Your Home Visiting Nurse Servs.*, 132 F.3d at 1141. Thus, the Court should find that it has subject matter jurisdiction over Mr. Thompson's claims and proceed to determine whether Mr. Thompson's Amended Complaint states a cause of action on which relief could be granted. *See Bell,* 327 U.S. at 682.

Taking the factual allegations in Mr. Thompson's Amended Complaint as true, the Court should nevertheless find that Mr. Thompson fails to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6). Mr. Thompson fails to establish a constitutional violation of any kind in this action, and, even if he had established such violation, Ms. Ferguson would be entitled to qualified immunity.

Mr. Thompson contends that he "was deprived of his constitutional rights, because of him not getting the proper service required by law." Docket No. 1, p. 24. However, Mr. Thompson fails to establish the existence of a constitutionally-created duty on the part of either Ms. Ferguson or her former employer, the FBI, to investigate these allegations. He asserts that Ms. Ferguson "owed the plaintiff the duty of care to protect and serve him," because the FBI (and apparently by extension Ms. Ferguson) are "suppose[d] to protect and serve American citizens." *Id.* at 12, 30. Mr. Thompson asserts that Ms. Ferguson "recklessly disregarded his condition" and consequently breached her "duty of care to serve and protect from Federal crimes." *Id.* at 30. This breach, Mr. Thompson asserts, led to him "continually being assault[ed] by electronic weapons" and "experiencing emotional distress." *Id.*

Mr. Thompson appears to contend that Ms. Ferguson's duty arises under various constitutional amendments but primarily the Due Process and Equal Protection clauses of the

14

Fourteenth Amendment. *See* Docket No. 39, pp. 2-3. As discussed above, the Court should look to the Due Process clauses of both the Fifth and Fourteenth Amendments in construing Mr. Thompson's pro se pleadings liberally. *See Erickson*, 551 U.S. at 94.

Notwithstanding the fact that the Fourteenth Amendment applies to the conduct of state, rather than federal actors, its Equal Protection clause creates no affirmative duty—it merely prohibits the state from enforcing laws in a discriminatory manner. *See* U.S. Const. amend. XIV ("No state shall make or enforce any law which shall. . .deny to any person within its jurisdiction the equal protection of the laws.") Similarly, the Due Process clauses of the Fourteenth and Fifth Amendments merely prevent the government from abusing its power; they do not create a duty on behalf of any federal or state government or its employees to investigate the claims of a private citizen. *See* U.S. Const. amend. V; U.S. Const. amend. XIV; *Deshaney*, 489 U.S. 189, 196 (1989).

The duty "to protect and serve" that Mr. Thompson references further does not inhere in the text or case law of the Fourth or Eighth Amendments, also cited in Mr. Thompson's brief. *See* U.S. Const. amend. V; U.S. Const. amend. XIV; Docket No. 30, p. 4. Like the Fifth and Fourteenth Amendments, the Fourth and Eighth Amendments create boundaries on governmental power: these amendments prohibit the federal government from subjecting its citizens to unreasonable searches/seizures or cruel punishments. *See* U.S. Const. amend. V; U.S. Const. amend. XIV. Mr. Thompson has not pointed to, nor is this Court aware of, any case law which connects the prohibitory language of the cited Amendments to an affirmative duty to "protect and serve" private citizens. Such a duty, were it to exist, would have to have been created by statute; again, however, Mr. Thompson has cited no such authority.

Furthermore, the fact that Mr. Thompson has failed to establish a clear right to have his allegations of electronic assault investigated by Ms. Ferguson in her official or individual

15

capacities entitles Ms. Ferguson to immunity from suit. *See Reichle*, 566 U.S. at 664. Because Mr. Thompson fails to establish any authority that creates the duty he contends was breached and the consequent right purportedly violated, the Court should dismiss Mr. Thompson's claims pursuant to Ms. Ferguson's 12(b)(6) motion.

While Ms. Ferguson further develops a defense against Mr. Thompson's right to bring a *Bivens* claim in this action, it is not necessary to pass upon the wisdom of extending a *Bivens* remedy here, as the basic premise entitling a *Bivens* plaintiff to relief—the violation of a constitutional right—has not been plausibly pled in this action. *See* 403 U.S. at 388.

## V.     RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Ms. Ferguson's Motion to Dismiss be GRANTED, and that all claims against Ms. Ferguson be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

*[signature]*

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**